IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEW WORLD INTERNATIONAL, INC., and NATIONAL AUTO PARTS, INC., | § § § | CIVIL ACTION NO. |
| Plaintiffs, | § § | |
| v. | § § | |
| FORD GLOBAL TECHNOLOGIES, LLC, | § § | A JURY IS DEMANDED |
| Defendant. | § § | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

New World International, Inc. (New World) and National Auto Parts, Inc. (National Auto Parts) (jointly Plaintiffs), for their Original Complaint for Declaratory Judgment against Ford Global Technologies, LLC, state and allege as follows:

**I. PARTIES**

1.  Plaintiff New World is a corporation organized and existing under the laws of the State of Texas, with a principal place of business at 1720 E. State Highway 356, Irving, Texas, which is located in this judicial district.

2.  Plaintiff National Auto Parts is a corporation organized and existing under the laws of the State of Texas, with a principal place of business at 1720 E. State Highway 356, Irving, Texas, which is located in this judicial district.

3.  On information and belief, Ford Global Technologies, LLC (hereinafter FGTL), is a corporation organized and existing under the laws of the State of Delaware with a principal office and principal place of business at 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. On information and belief, FGTL is a wholly owned subsidiary of Ford Motor Company and manages intellectual property and technology commercialization matters for Ford

1

Motor Company. FGTL may be served by serving its registered agent The Corporation Company at 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025.

## II. JURISDICTION AND VENUE

4. This Complaint arises under the Patent Laws of the United States, 35 U.S.C. § 100 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between the parties to declare that certain design patents owned by FGTL are not infringed by Plaintiffs, and are invalid and unenforceable.

5. This Court has original jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has specific personal jurisdiction over FGTL because (a) FGTL has threatened to sue and has sued New World, and has threatened to sue, directly and/or indirectly, National Auto Parts, for alleged design patent infringement for selling automotive body repair parts allegedly covered by design patents owned by FGTL, (b) FGTL has entered into an exclusive license agreement with LKQ Corporation (LKQ), which is doing business in Texas on a regular basis, and the exclusive license agreement contemplates a continuing relationship between FGTL and LKQ beyond a royalty or cross licensing payment as described further herein, and (c) FGTL and LKQ as exclusive licensee of FGTL have engaged in multiple extra-judicial efforts in and directed toward Texas against Plaintiffs in an effort to enforce the subject design patents and to protect the validity of the subject design patents such that the assertion of specific personal jurisdiction over FGTL in this district would not violate fair play and substantial justice as described further herein. Plaintiffs claim herein arises out of or relates to the above-described activities of FGTL and LKQ.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 (b), (c), (d) and 1400 (b).

### III.  BACKGROUND

8. FGTL is the assignee of U.S. Design Patent D489,299 (Exterior of Vehicle Hood) ("the '299 Patent) (Ex. 1) and U.S. Design Patent D501,685 (Vehicle Head Lamp) ("the '685 Patent) (Ex. 2) (jointly the Patents-in-Suit).

9. FGTL and representatives of FGTL sent written cease and desist letters and emails to New World in Texas related to the Patents-in-Suit.

10. In response to these threats, the Automotive Body Parts Association (ABPA) brought suit against FGTL in the Eastern District of Texas (EDTX) based on association standing.

11. FGTL sued New World and two other companies for allegedly infringing and willfully infringing the '299 Patent and the '685 Patent in cause *Ford Global Technologies, LLC v. New World International, Inc., Auto Lighthouse Plus, LLC, and United Commerce Centers, Inc.*, Case Number 2:15cv10394 filed January 29, 2015 in the United States District Court for the Eastern District of Michigan. (hereinafter *FGTL v. New World*).

12. On March 13, 2015, FGTL filed a First Amended Complaint in *FGTL v. New World* that dropped the '299 Patent and the '685 Patent.

13. Beginning in early to middle March of 2015, officers of LKQ telephoned officers of New World in Texas.  During the telephone conversations, an officer of LKQ stated that he knew FGTL had sued New World.  The officer of LKQ stated that FGTL had a huge litigation budget for the case and that this lawsuit would be extremely expensive for New World.  The officer of LKQ explained that FGTL wanted New World to stop selling the FGTL patented parts.  During a different telephone conversation, another officer of LKQ explained he knew that FGTL and the ABPA were in a lawsuit and that New World was involved.  He explained that LKQ was

the exclusive licensed aftermarket distributor for FGTL parts and asked if New World would be willing to drop the lawsuit if LKQ was willing to sell to New World.

14. On March 16, 2015, in a Sur-Reply filed in Case No. 4:13-CV-00705, United States District Court, Eastern District of Texas (Doc. #90, p. 1, ¶4), FGTL stated:

> Indeed, the ABPA goals are <u>not fully aligned</u> with the interests of even member New World – who unlike the ABPA is <u>subject to treble damages</u> for willful infringement and <u>may wish to resolve the litigation through settlement.</u> The ABPA, however, would lose any associational standing to maintain this suit if the infringement defendants settle. The lack of a decision-maker about the infringement is a significant reason that Ford Global was forced to directly bring suit against the three related infringers to stop the infringement.  (emphasis in original).

15. The contacts and communications from LKQ to New World into Texas indicate that LKQ was acting in concert with FGTL to threaten and intimidate New World into settling the case wherein FGTL had sued New World and to stop selling the FGTL patented parts so that ABPA would potentially lose associational standing to challenge the validity and enforceability of the FGTL design patents in the case where ABPA sued LKQ.

16. An officer of LKQ also has contacted an officer of New World in Texas to inquire whether LKQ can purchase New World.  On information and belief, this contact and communication into Texas was made because if FGTL bought New World, then ABPA would potentially lose associational standing to challenge the validity and enforceability of the FGTL design patents in the case where ABPA sued LKQ.

17. LKQ has contacted and communicated with parts suppliers of New World to warn the suppliers not to supply any patented parts to New World.  Some of the suppliers contacted have offices and distribution facilities in Texas and in this judicial district.  These contacts and communications by LKQ with these suppliers were intended to prevent Plaintiffs from obtaining parts in Texas from these suppliers and in this Judicial District.  On information and belief,

LKQ's actions in contacting the suppliers to prevent the suppliers from selling patented parts to Plaintiffs, including the parts covered by the Patents-in-Suit, was done in cooperation with FGTL and under LKQ's joint continuing contractual obligations with FGTL in the State of Texas.

18.   As part of its continuing effort to prevent Plaintiffs from obtaining FGTL patented parts in Texas, including the parts covered by the Patents-in-Suit, LKQ has refused to sell the patented parts to Plaintiffs unless Plaintiffs also purchase at least 50% non-patented items with the 50% patented items.

19.   The cooperative actions of FGTL and LKQ in instructing parts suppliers not to supply Plaintiffs with certain parts in Texas has harmed Plaintiffs' ability to purchase and sell the patented parts and also has harmed Plaintiffs ability to sell other parts that normally would be sold to a customer if Plaintiffs had the ability to sell the patented parts.  For example, if repair of a Ford F-150 Pickup Truck requires a hood and/or headlamp and Plaintiffs are unable to supply the hood and/or headlamp, then Plaintiffs are more likely to lose the complete repair business because repair shops have a reluctance to buy parts piece meal from different suppliers.

20.    LKQ is doing business in the State of Texas and in this judicial district on a regular and substantial basis.

21.    FGTL and LKQ have entered into an exclusive license agreement related to the Patents-in-Suit.  The exclusive license agreement creates a continuing relationship between FGTL and LKQ.  The exclusive license agreement currently is under an "attorney eyes only" designation, but some of the terms regarding enforcement and claims have been publicly disclosed in an order of dismissal.  These terms are as follows (with portions redacted that have not been published).

8.1    [ ] Ford [ ] the right to determine what action, if any, is to be taken [ ]

8.2   [ ]   If any claim, demand or suit for infringement will be asserted against LKQ [ ] Ford will have the right at its discretion to handle such a claim, demand or suit in any manner whatsoever.  [ ]  With Ford's prior written consent, LKQ may handle such a claim, demand or suit in a manner agreed upon by the parties. [ ] or not, at Ford's discretion.

22.   The exclusive license agreement between FGTL and LKQ also contains other provisions relevant to the issue of whether FGTL and LKQ have continuing obligations toward each other in addition to royalty payments, and that are relevant to the issue of specific jurisdiction in this case.  Confidentiality requirements prohibit the publication of these provisions in this complaint, but they will be discussed in documents filed under seal.

## IV. COUNT I.
## REQUEST FOR DECLARATORY JUDGMENT

23.   New World and National Auto Parts repeat and reallege each of the allegations in the preceding paragraphs as if fully set forth herein.

24.   FGTL has accused New World of infringing and willfully infringing the '299 Patent and the '685 Patent.  FGTL has accused National Auto Parts, directly and/or indirectly, of infringing and willfully infringing the '299 Patent and the '685 Patent.  New World and National Auto Parts assert that they are not infringing the '299 Patent and the '685 Patent because, *inter alia*, the '299 Patent and the '685 Patent are invalid and unenforceable.

25.   There is an actual, substantial, immediate, and continuing controversy between New World and National Auto Parts and FGTL regarding FGTL's assertion of the '299 Patent and the '685 Patent.  A declaration of rights is both necessary and appropriate to establish that New World and National Auto Parts are not committing patent infringement and willful patent infringement by offering for sale and selling automotive body repair parts allegedly covered by the '299 Patent and the '685 Patent.  This action seeks a declaration that the '299 Patent and the '685 Patent are invalid and/or unenforceable under 35 USC §§ 102, 103, 112 and/or the doctrines

of patent exhaustion and/or functionality and/or patent misuse and are not infringed or willfully infringed by New World and National Auto Parts.

26. New World and National Auto Parts are being injured by FGTL's threats of patent infringement and assertion of its '299 Patent and the '685 Patent.

27. The requested relief can redress the injury being suffered by New World and National Auto Parts. A declaratory judgment of patent invalidity, patent unenforceability, and patent non-infringement regarding the '299 Patent and the '685 Patent and an injunction preventing FGTL from enforcing such design patents will permit New World and National Auto Parts to purchase, offer for sale, and sell automotive body repair parts for Ford Motor Company automobiles without the threat or potential consequences of design patent infringement litigation.

## V.  PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, New World and National Auto Parts respectfully request the Court enter judgment as follows:

A. Declaring that the '299 Patent and the '685 Patent directed toward automotive body repair parts are invalid, unenforceable, and are not infringed by New World and National Auto Parts;

B. Permanently enjoining FGTL from enforcing or attempting to enforce the '299 Patent and the '685 Patent directed toward automotive body repair parts against New World and National Auto Parts;

C. An award of costs of suit to New World and National Auto Parts; and

D. Such other and further relief as the Court deems proper and just.

## VI.  DEMAND FOR JURY TRIAL

Plaintiffs New World and National Auto Parts, pursuant to Rule 38(b) of the Federal Rues of Civil Procedure, demands a trial by jury on all issues triable by right by a jury.

Respectfully submitted,

/s/ Robert G. Oake, Jr.
Robert G. Oake, Jr.
Texas State Bar No. 15154300
Oake Law Office
825 Market Street, Suite 250
Allen, Texas 75013
(214) 207-9066
rgo@oake.com

Attorney for Plaintiffs New World and National Auto Parts